IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES MONROE PERRETTE,**   **PLAINTIFF**
**# 383573**

**VERSUS**   **CIVIL ACTION NO. 1:15cv55-HSO-JCG**

**HARRISON COUNTY ADULT**
**DETENTION CENTER**   **DEFENDANT**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Plaintiff James Monroe Perrette initiated this action on February 26, 2015. At the time, he was a pretrial detainee at the Harrison County, Mississippi, Adult Detention Center. On June 4, 2015, the Court ordered Perrette to respond to certain inquiries regarding the Complaint. The responses were due June 17, 2015. The Order Requiring Plaintiff to Respond [6] was mailed to his address of record and was returned as undeliverable on June 22, 2015. The envelope was marked "RTS. Released." Dkt. [7] at 1.

Having received no communication or address change from Perrette, on July 20, 2015, the Court entered an Order to Show Cause [8]. The Court directed Perrette to show cause, by August 3, 2015, why the case should not be dismissed for failure to prosecute or obey the Court's prior Order. When Perrette still did not contact the Court or comply, the Court entered a Second Order to Show Cause [10], giving Perrette one last opportunity to show cause. He was given a deadline of

1

August 31, 2015, to respond.

The show cause Orders were mailed to Perrette's address of record and were returned as undeliverable, marked "RTS. Released." Dkt. [11] at 1; Dkt. [9] at 1. To date Perrette has not complied with the Court's Orders, provided a change of address, or otherwise contacted the Court. The Court warned Perrette that failure to comply with its Orders or to apprise the Court of a change of address may lead to the dismissal of his Complaint. 2d Order to Show Cause [10] at 1-2; 1st Order to Show Cause [8] at 1-2; Order Requiring Plaintiff to Respond [6] at 2; Order Setting Payment Schedule [5] at 2-3; and Order [3] at 2. It is apparent from Perrette's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. Since Defendant has not been called upon to answer the Complaint or appeared in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of September, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE